IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00565-FL

| | |
|---|---|
| ABC PHONES OF NORTH CAROLINA, INC. d/b/a VICTRA, <br><br> *Plaintiff*, <br><br> v. <br><br> STRAX AMERICAS, INC. and MATTER BRANDS, LLC, <br><br> *Defendants*. | **DEFENDANT STRAX AMERICAS, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(B)(2), (5), AND (6)** |

Pursuant to Rules 12(b)(2), (b)(5), and (b)(6) of the Federal Rules of Civil Procedure (the "Rule(s)"), Defendant Strax Americas, Inc. ("Strax") respectfully moves to dismiss the claims against it in Plaintiff ABC Phones of North Carolina, Inc.'s ("Victra") Complaint (the "Complaint"). (Compl., D.E. 1.) In particular, Strax makes the following arguments and seeks the following relief:

1. Strax first moves to dismiss the claims against it for lack of personal jurisdiction.

2. Under Rule 12(b)(5), Victra's attempt to serve Strax with the Summons and Complaint was insufficient. Victra attempted to serve Strax by mailing the Service Documents to one of Strax's offices, which is an improper method of service under all applicable methods except Rule 4(j)(6)(c) of the North Carolina Rules of Civil Procedure (the "North Carolina Rule"), which provides that service may be effected by mailing the Summons and Complaint to a company's officer, director, or agent at

1

said person's office. However, the Summons is insufficient under even the North Carolina Rule because it was addressed to "Strax Americas, Inc." generally instead of to any of Strax's officers, directors, or authorized agents. (Summons Civil Action 1, D.E. 4.) This means the Summons was improperly addressed and therefore insufficient as a matter of law. Accordingly, Strax respectfully requests that the Court dismiss it from this action due to Victra's improper service of process.

3. In addition, Strax moves for dismissal under Rule 12(b)(2), as this Court does not have personal jurisdiction over Strax due to Strax's lack of sufficient minimum contacts with North Carolina. The Complaint does not allege, and the circumstances do not support, that Strax is subject to general personal jurisdiction in North Carolina. As to specific personal jurisdiction, Strax does not have sufficient minimum contacts with North Carolina such that exercise of jurisdiction over it would be proper. Under the totality of the circumstances, Strax maintains little, if any, operational presence in North Carolina, and Strax's only connections to North Carolina concerning the subject matter of this action are solely because Victra is located there. (Decl. Tim Smart ¶ 5, D.E. 15-1.) The alleged contract between the parties also contemplated performance to occur in several places outside of North Carolina, and much of Strax's performance under the alleged contract was to occur outside of this State. (*See* Compl. Ex. A.) As a result, Strax's connections with North Carolina do not rise to the level of sufficient minimum contacts necessary for this Court to have jurisdiction over it; accordingly, Strax respectfully requests that the Court dismiss it from this action for lack of personal jurisdiction.

2

4. In the alternative to the above, to the extent this Court concludes it has personal jurisdiction over Strax, Strax contends that certain causes of actions in the Complaint should be dismissed pursuant to Rules 12(b)(6) and 9(b) for failure to state a claim or make certain allegations of fraud with sufficient particularity under Rule 9(b).

5. Under Rule 12(b)(6), Victra's claim for unfair and deceptive trade practices should be dismissed for failure to state a claim upon which relief may be granted. Victra fails to adequately allege how Strax's statements and conduct were unfair and deceptive and relies on conclusory allegations. To the extent Victra's allegations are not conclusory, they state an implausible claim for relief. Accordingly, Victra's claim for unfair and deceptive trade practices should be dismissed.

6. Under Rule 9(b), Victra's claim for unfair and deceptive trade practices and voidable/fraudulent transfer should be dismissed to the extent they are based on fraud. Victra again relies on conclusory statements to claim that Strax defrauded Victra, and it does not provide sufficient detail as required by Rule 9(b) for these allegations as to the time, place, manner, and content of the fraud. Accordingly, Victra's fraud-based unfair and deceptive trade practices and voidable/fraudulent transfer claims should be dismissed under Rule 9(b) for Victra's failure to allege fraud with sufficient particularity.

7. In support of this Motion, Strax relies on its supporting Memorandum of Law, (D.E. 16), the Declaration of Tim Smart, (D.E. 15-1), and the Declaration of Marcela Herran, (D.E. 15-2), filed contemporaneously with this Motion.

3

WHEREFORE, for the foregoing reasons and those set forth in the supporting materials, Strax respectfully requests that the Court:

a. Dismiss Strax from this action for lack of personal jurisdiction for Victra's failure to effect proper service under Rule 12(b)(5) or for Strax's lack of minimum contacts with North Carolina under Rule 12(b)(2);

b. In the alternative, dismiss Victra's unfair and deceptive trade practices claim under Rules 12(b)(6) and 9(d) and dismiss Victra's fraudulent transfer claim under Rule 9(d) to the extent it is based on fraud; and

c. Grant Strax all such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 2nd day of December, 2024.

ELLIS & WINTERS LLP

/s/ Michelle A. Liguori
Michelle A. Liguori
N.C. State Bar No. 52505
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
michelle.liguori@elliswinters.com

*Counsel for Defendant Strax Americas, Inc.*