IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00565-FL

| | |
|---|---|
| ABC PHONES OF NORTH CAROLINA, INC. d/b/a VICTRA,<br><br>*Plaintiff,*<br><br>v.<br><br>STRAX AMERICAS, INC. and MATTER BRANDS, LLC,<br><br>*Defendants.* | **DEFENDANT STRAX AMERICAS, INC.'S RESPONSE IN OPPOSITION TO VICTRA'S MOTION FOR LEAVE TO AMEND THE COMPLAINT** |

## NATURE OF THE CASE

Victra's motion presents the question whether this Court should grant Victra leave to amend its complaint now or after this Court rules on the pending motions to dismiss. Victra's proposed amended complaint does not affect the arguments in the pending motions to dismiss, and thus allowing an amendment now would cause Strax to incur unnecessary additional litigation costs related to a new round of responsive pleadings while delaying a ruling on the pending motions. Accordingly, Strax respectfully asks this Court to deny Victra's motion for leave to amend without prejudice, allowing Victra to refile the motion for leave to amend after this Court rules on the pending motions to dismiss.

## FACTS PERTAINING TO MOTION FOR LEAVE TO AMEND

A. **Litigation through briefing on motions to dismiss.**

Victra filed its complaint against Strax and Matter Brands on October 2, 2024. (DE 1.) On December 2, 2024, Strax moved to dismiss the complaint and alternatively answered the complaint, asserting counterclaims. (DE 16; 18.)[1] In its motion to dismiss, Strax contended that Victra failed to show that this Court should exercise personal jurisdiction over Strax and that Victra's claims for unfair and deceptive trade practices and voidable transfers should be dismissed for failure to state a claim. (DE 16 ¶¶ 3-6; DE 17 at 1-2, 11-25.) Strax did not move to dismiss Victra's breach of contract claim for failure to state a claim. (*See* DE 16 ¶¶ 4-6.)

Victra responded in opposition to Strax's motion to dismiss on January 22, 2025. (DE 32.) Strax then prepared a reply in support of its motion to dismiss.

A few days before the deadline for Strax's reply, Victra forecasted that it sought to file an amended complaint and sought Strax's position on the motion. Victra later shared a proposed amended complaint with Strax.

---

[1] Matter Brands, on December 12, 2024, also filed a motion to dismiss for lack of jurisdiction and failure to state a claim. (DE 25)

2

**B.     Victra seeks to amend the complaint to add allegations that do not affect Strax's motion to dismiss.**

Victra's proposed amended complaint seeks to add the following allegations to its existing complaint.

- Victra makes certain allegations about Strax reaching into North Carolina to do business with Victra, (DE 35-2 ¶¶ 9-14), which were addressed in Victra's response to Strax's motion to dismiss (DE 32 at 2-3, 12-11).

- Victra adds allegations about Heidi Adams's execution of the Rebate Agreement, which relate to Victra's breach of contract claim and Strax's defenses to that claim. (*See* DE 35-2 ¶¶ 20-23, 37-44, 52.) As noted above, Strax did not move to dismiss the breach of contract claim for failure to state a claim. (DE 16 ¶¶ 4-7; DE 17 at 2, 16-26.)

- Victra also adds allegations about statements Strax allegedly made in September 2024 about the status of a supply agreement between Strax and Victra and the validity of the alleged Rebate Agreement, (DE 35-2 ¶¶ 44), both of which relate to the breach of contract claim, which is not subject to Strax's motion to dismiss. (*See* DE 16 ¶¶ 4-7; DE 17 at 2, 16-26.)

3

Case 5:24-cv-00565-FL     Document 41     Filed 02/26/25     Page 3 of 10

- Victra also adds allegations about statements in the Asset Purchase Agreement between Strax and Matter Brands, which reference a Strax liability to Victra.[2] (DE 35-2 at 5.)

- Victra alleges that, in selling its assets to Matter Brands, *which took place in the spring of 2024*, and not fully disclosing the terms of the asset sale to Victra, Strax engaged in concealment, misrepresentation, and deception. (*See* DE 35-2 ¶¶ 54-56.)

- In its unfair and deceptive trade practice claim, Victra adds allegations that Strax entered the Rebate Agreement when it knew or should have known that it would be unable to satisfy its payment obligation to Victra and without intending to honor its obligations under the agreement, later representing to Victra that Strax would pay its obligations under the Rebate Agreement while it sold its assets to Matter Brands, and not fully disclosing to Victra the terms of its asset sale to Matter Brands. (DE 35-2 ¶ 75 (c), (d), (e), and (f).)

---

[2] As Victra's memorandum in support of the motion for leave to amend notes, the liability referenced, which was excluded from transfer under the asset purchase agreement, is not for the amount of liability Victra alleges Strax owes under the alleged Rebate Agreement, but instead is much less than that amount. (*See* DE 36 at 2 (referencing a $250,000 liability).)

4

- Victra also adds an unjust enrichment claim as an alternative to its breach of contract claim. (DE 35-2 ¶¶ 94-100.)

- Victra alleges that none of Matter Brands's members is a citizen of North Carolina. (DE 35-2 ¶ 4.)

- Victra alleges that Matter Brands was Strax's assignee related to the alleged Rebate Agreement, and that the venue selection clause in that agreement transferred to Matter Brands. (DE 35-2 ¶¶ 7, 47, 57-60.)

### C. Strax informs Victra that it opposes the amendment before this Court rules on the pending motions to dismiss.

Strax informed Victra that Strax does not consent to and opposes amendment of the complaint at this time, and takes the position that any amendment would be more appropriate after this Court rules on the pending motions to dismiss. (*See* DE 36 at 9 n.5.) Before filing its motion for leave to amend, Victra did not respond to Strax's position to set forth any reason why an amendment now would be more appropriate than an amendment later. Nor has Victra responded to that position in its motion for leave to amend or memorandum in support, aside from noting that Strax has taken this position. (DE 35 at 1; DE 36 at 2-10 & n.5.)

5

## ARGUMENT

Granting Victra's motion for leave to amend the complaint now would prejudice Strax, causing it to incur unnecessary litigation costs related to a new round of responsive pleadings and related briefing and delaying a ruling on the pending motions to dismiss. Instead, Strax respectfully requests that this Court deny the motion for leave to amend without prejudice to refiling after the Court rules on the pending motions to dismiss. This course of action would further the progress of this litigation.

Rule 15 of the Federal Rules of Civil Procedure provides that a court should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has recognized, however, that leave to amend may be denied "when the amendment would be prejudicial to the opposing party[.]" *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (*en banc*). The advancement of a case and consequences caused by delay in moving for amendment can inform whether prejudice exists to the non-moving party. *See id.*

Here, to avoid prejudice, it would be appropriate for the Court to resolve Strax's pending motion to dismiss before ruling on the motion for leave to amend.

As relates to Strax, the proposed new allegations primarily pertain to Victra's breach of contract claim, which Strax's motion to dismiss does not challenge on the merits. (*See* DE 35-2 ¶¶ 20-23, 37-44, 52, 94-100.) Victra also adds allegations in its unfair and deceptive trade practices claim about Strax's sale of its assets to Matter Brands in the spring of 2024—long after Victra alleges that Strax entered a Rebate Agreement with Victra, (*id.* ¶ 75 (c), (d), (e), and (f)), and after Victra repudiated its supply relationship with Strax, (*see* DE 18, Counterclaim ¶¶ 18-23). Strax's motion to dismiss argues that any conduct from this later period of time is not relevant to Victra's unfair and deceptive trade practice claim and cannot support that claim, which is based on a theory that Strax did not intend to honor the alleged Rebate Agreement *at the time it entered the alleged agreement*. (DE 17 at 16-22; DE 34 at 7-10.) The new allegations do not change Strax's argument in its motion to dismiss and do not cure the deficiency with this claim identified in Strax's motion to dismiss, memorandum in support, and reply.

Victra also proposes adding an unjust enrichment claim as an alternative to its breach of contract claim (DE 35-2 ¶¶ 94-100), which, again, is not subject to Strax's motion to dismiss. Victra could add an unjust

7

enrichment claim to its complaint after this Court rules on the pending motions to dismiss.

Strax would be prejudiced by allowing an amendment at this time, which would moot Strax's motion to dismiss and require the parties to engage in a new round of responsive pleadings and related briefing, adding unnecessary litigation expense. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect"), *abrogated on other grounds as recognized in Short v. Hartman*, 87 F.4th 593, 609 (4th Cir. 2023); *Neil v. Warren Cnty. Sch.*, No. 5:20-CV-595-FL, 2021 WL 5810502, at *1 (E.D.N.C. Dec. 7, 2021) ("Where plaintiff has now amended her complaint, with leave of court, after defendants filed the instant motion to dismiss, said motion is denied as moot."). An amendment now also would delay a ruling on the pending motions to dismiss. Strax believes that a ruling on these motions would be beneficial to the progress of this litigation and respectfully requests that the Court consider this inefficiency in ruling on the motion for leave to amend. *See United States ex rel. Nicholson v. Medcom Carolinas, Inc.*, 42 F.4th 185, 196 (4th Cir. 2022) ("District courts have inherent power to manage their dockets with an eye toward speedy and efficient resolutions[.]")

Because the proposed amended complaint does not change the arguments in Strax's motion to dismiss, and because it appears that any issues

8

raised by the amended complaint that relate to Matter Brands's motion to dismiss could be addressed in Victra's response to Matter Brands's motion to dismiss, Strax asks this Court to deny without prejudice Victra's motion for leave to amend, which would allow Victra to file a motion to amend the complaint after this Court rules on the pending motions to dismiss.

Respectfully submitted, this the 26th day of February, 2025.

ELLIS & WINTERS LLP

/s/ Michelle A. Liguori
Michelle A. Liguori
N.C. State Bar No. 52505
Suraj Vege
N.C. State Bar No. 59878
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
michelle.liguori@elliswinters.com
suraj.vege@elliswinters.com

*Counsel for Defendant Strax Americas, Inc.*

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.2(f)(3), the undersigned hereby certifies that the foregoing response contains fewer than 8,400 words, exclusive of the elements to be omitted from the word count per Rule 7.2(f)(1). Specifically, the foregoing contains 1,704 words, as reported by counsel's word processing software.

/s/ Michelle A. Liguori
Michelle A. Liguori